**RECEIVED**

SEP - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Reverend Earnest Lee Hobley          )
      Plaintiff          )
                    )   Case No.05-cv-1707
                    )
vs.                    )   Hon.Rosemary M Collyer
                    )
Kentucky Fried Chicken, Inc.          )
      Defendant          )

### PLAINTIFF'S MOTION IN OPPOSITION OF DEFENDANT'S MOTION TO ENFORCE ARBITRATION AGREEMENT AND DISMISS COMPLAINT, AND TO SANCTION PLAINTIFF FOR VEXATIOUS LITIGATION

COMES NOW Reverend Earnest Lee Hobley, Plaintiff pro se, in the above captioned

matter and in support of this Motion states as follows:

1. Defendant (hereafter KFC) deliberately, with obvious intent to deceive and mislead

the Court, misstates Plaintiff's Complaint and the remedies requested. Under <u>Nature of Claim,</u>

clearly and without reservation, Plaintiff requests relief based upon fraud. The act that

constitutes such fraud is that a KFC representative, namely Olu Adepegba and possibly others

with a conscious and deliberate knowledge committed fraud against the person and property of

Plaintiff. Fraud is defined herein as follows:

> - intentional deception
> - false and material misrepresentation made by one who knows it is false
> - concealment of a misrepresentation, non-disclosure of a material fact
> - breach of a legal duty, trust or confidence and resulting in damage to another
> - fraud which is intended to and which does cause one to execute an **instrument**
> ... or make a judgment. It renders an agreement **voidable.**

In further support of Plaintiff's Complaint based on fraud, the Court is advised that the

fraudulent conversion of Plaintiff's "final paycheck" was not the first, last or only check

involved; thereby giving rise to Plaintiff's complaint and request for relief based upon fraud.

KFC continued to represent to the corporate payroll offices that Plaintiff was still gainfully employed by KFC, even after his termination, at the same location, at the same duties, and caused several **additional** paychecks to be issued in Plaintiff's name, fraudulently endorsed with Plaintiff's purported signature AND cashed. Once KFC's fraudulent actions against Plaintiff were exposed, by Plaintiff, the paycheck was timely submitted and was not an issue with Plaintiff.

All of the above legally distinct acts of fraud were acts committed by KFC against Plaintiff and are a legitimate cause of action, not "frivolous and vexatious litigation" "arising from his *difficulty* (emphasis added) in obtaining his final KFC paycheck as put forth by KFC. The general and specific intent of KFC in these matters are clear and apparent, criminal in nature, and cannot be construed in any reasonable or equitable manner as having any legal nexus to Plaintiff's employment with the company. Without such legal nexus, there is no valid basis for KFC's vexatious and frivolous demand for employee arbitration for a non-employee.

2. The above specified actions by KFC, the false allegations of theft made against Plaintiff by KFC, Plaintiff's embarrassment, humiliation, mental anguish, besmirchment of his previously impeccable reputation, and the damage to his image as a Christian and ordained Minister are not items subject to arbitration by KFC.

3. Defendant's constant harangue in reference to arbitration ring hollow. These arguments are not etched in stone and not open to a different interpretation as implied by KFC. Edward A. Panelli, a former justice on the California Supreme Court and Chief Judicial Officer for JAMS, an organization established as providers of Judicial Arbitration and Mediation Services, writing for LEGAL TIMES stated as follows:

2

"In recent years, binding arbitration has been equated with a
complete relinquishment of an employee's right to challenge
the actions of his employer. In such agreement, the employer
seems to hold all the cards, with employees having virtually no
input regarding the process and little ability to affect the out-
come of the case. As long as the process is fair, employees
benefit [but] it is important to remember that fairness is relative
rather than absolute. Interpretations as to what is fair will vary
according to one's perspective. Concern will exist regarding the
fairness of a process mandated, and in some cases defined, by the
more powerful party. As more companies adopt mandatory
arbitration policies, more employees are finding that they have
to sign a written agreement to use binding arbitration to resolve
any disputes with the company. Signing the contract is usually
a condition of employment, and as a result, employees may sign
an arbitration agreement that they do not understand. Employees
who enter an arbitration without the benefit of an experienced
attorney are denying themselves the legal expertise required to
present the strongest case possible."

Far be it from the description offered by KFC, Plaintiff's opposition to binding arbitration

is not just frivolous litigation by a pro se Plaintiff, but a reasoned and reasonable position seeking

a fair and equitable resolution of the fraudulent actions, the personal and public pain and

suffering brought upon by the indisputable illegal actions of KFC. Would KFC represent to this

Honorable Court that the former State Supreme Court Justice Panelli's writings and comments

regarding equity and binding arbitration are likewise frivolous? Of course not! And, there is no

justification or legally supportable basis to make a similar determination regarding Plaintiff's

exercise of his rights.

Legal opinion has long recognized there is often no true equality of bargaining power in

contracts often arising in the context of "standard-form printed contracts prepared by one party

and submitted to the other on a "take it or leave it" basis. Doubts then arise as to its

representation as a voluntary and uncoerced agreement, and has accommodated that reality in

3

construing them.  (Adhesion Contract)

4. A very compelling reasons to dismiss KFC's Motion to Enforce Agreement are offered by KFC,s Statement of Points and Authorities in Support of Motion to Enforce Arbitration. Misstatements, outright false statements are replete throughout this statement.

### INTRODUCTION

a. Plaintiff was not arrested  "On suspicion that he had stolen a portion of the restaurant's ...receipts. Plaintiff was arrested on actual representation by KFC that he had in fact stolen KFC funds. KFC tries to gloss over the actual reason for this arrest by limiting their remarks to "KFC manager's police report concerning missing funds." The report stated that Hobley had stolen these funds, not that funds were just missing.  No other employee was arrested or charged.·

### STATEMENT OF FACTUAL BACKGROUND

a. KFC herein admits the fraudulent actions of their agent Olu Adepegba, thereby contradicting their position that Plaintiff's court·action is based upon his employment and therefore covered by a signed arbitration agreement. Plaintiff offers that the illegal and fraudulent actions of Adepegba is not an arbitration matter of concern to Plaintiff, and would not have been an event that he could have possibly contemplated in agreeing to enter into an employee arbitration agreement. This 'meeting of the minds' never occurred, nor was such an event or possibility even discussed or presented to Plaintiff.  KFC's refusal to admit this reality and their continued reliance on an illegal and/or non-existent employee arbitration agreement, is preposterous.  The August 3, 2004 opinion of the Court came to a similar conclusion. However, KFC's move for reconsideration is not considered, by them, frivolous. KFC  further

4

attempts to mislead the Court by offering an inept citation by comparing a ruling for arbitration

of a claim based on "alleged defamatory statements" as a basis for a ruling in the instant matter.

The critical difference making such reference inept, is that in the instant matter, the defamatory

and false statements were not just "alleged" but documented and admitted to by KFC. This

distinction could not be innocently overlooked by counsel for KFC.

      b. Likewise, KFC's claim that Hobley's arrest was made after his employment

ended was "a distinction of little importance". Of little importance to whom? KFC does not

provide the answer. Such distinction is of utmost importance to Plaintiff. KFC is apparently

asserting that telling a lie and causing the arrest of a former employee is of no importance. KFC

clings to the preposterous position that the distinction between an employee and a former

employee is "a distinction of little importance" and both, employee and non-employee are

somehow obligated to seek redress under an **employment agreement**, that by definition is only

for **employees.** Former employees by definition are not **employees.** If they were they would not

be called **former** employees. If this agreement was not meant for employees only, why is it

called an **employee agreement?**

    <u>LEGAL ARGUMENT</u>

      a. KFC argues that "Hobley sparsely complains that his arrest for theft...

constituted malicious prosecution" as though the vociferousness of the complaint has some

bearing on the legitimacy of the complaint. It is to be noted that KFC presents no point of

authority to support this nonsensical offering. (nonsensical defined hereby as having no meaning

or conveying no intelligible idea)

b. KFC alleges that Plaintiff's actions are frivolous and conclusory. KFC obviously has decided for the Court, and so state in their motion, that Hobley's lawsuit "should be dismissed and Hobley should be left to assert his claims in arbitration. Hobley's recent conduct ... is plainly vexatious and warrants imposition of sanctions." The absurdity of KFC's remarks as to the conclusory nature of Plaintiff's actions are somewhat puzzling in light of KFC's directing the Court as to what "should be dismissed and what is plainly vexatious and what warrants sanctions". Plaintiff offers that it is KFC statements that are conclusory. KFC's statements that Plaintiff employs labels that do not reflect recognized causes of action is equally puzzling. That statement would appear to claim that theft (larceny) is not a recognizable cause of action because the type of theft was used to make a more specific reference. Is car theft, not a recognizable cause of action because the word "car" was used? Is theft of merchandise from the 7-11 not a recognizable cause of action because the word "merchandise" was used? Likewise, "false accusation" in this instance is synonymous with slander - spoken words that tend to damage the reputation of another; a recognizable cause of action. These statements are merely transparent attempts to deprive Plaintiff of his rights of due process, simply because of his pro se representation. Plaintiff has unequivocally states a recognizable cause of action.

However, the MOST compelling reason to deny KFC'S motion to dismiss is that their main argument is based on the premise that Plaintiff is bound by a signed agreement for binding arbitration. However, their own Exhibit to support this contention is ***not signed by KFC.*** The document that includes the section "Arbitration of Employee Rights" although signed by Earnest Lee Hobley is not signed by any representative of KFC. Plaintiff relies upon the legal definition of **Agreement** as a manifestation of mutual assent between **two or more** legally competent

6

persons. This document does not ***manifest any mutual assent whatever between the parties.*** Consequently, regardless of any other allegation, assertion or claim, **KFC has presented no Agreement - -and will not and cannot - -as evidence in support of their position for the simple reason; there is no Agreement**. Obviously one cannot have a binding agreement with ones self that is binding on others.   Nevertheless, this is exactly the position that KFC is putting forth.

Courts have long held that when a party of little bargaining power and hence little real choice, signs a commercially unreasonable contract with little or no knowledge of its terms, it is hardly likely that his consent was ever given to all the terms.  In such case the usual rule that the terms of an agreement are not to be questioned should be abandoned.

The second document offered by KFC as proof of the non existent Agreement to Arbitrate purportedly, as alleged by KFC to bear the "signature" of Plaintiff. Even a cursory examination of this document reveals that it does not bear the "signature" of anyone, neither Reverend Earnest Lee Hobley, nor any representative of KFC.  The alleged signature is simply initialed H.E. or HE. At no time, under any circumstances has Plaintiff has ever signed or represented his signature in such manner.  KFC offers no documentation, proof or explanation, real or surmised as to how this initializing can legally be considered the signature of Plaintiff, and therefore proof of a binding agreement.  They have not because they cannot.  A closer inspection of this purported signature reveals each such initialing is different from all of the others.  Under Agreement to Arbitrate the E, has a small circle and large loop, the two letters touch, and the lower loop crosses the bottom signature line; under Receipt of Employee Handbook, there is no large loop to the E, the two letters do not touch and the E loop does not even touch the line; under Employee's

7

Agreement, the letters touch, there is no circle to the E and the bottom of the E is almost

horizontal; under Sexual Harassment the letters are entwined, no circle to the E, the cross of the

letter H is indistinguishable from the E and the bottom of the E is interlaced with the signature

line; and under KFC Restaurant Cash the top letters are off the signature line, while the bottom

letters are in complete contact with the signature line. **NONE** of these contradictory and alleged

signatures are the signature of Plaintiff Earnest Lee Hobley **NOR** is there any indication of a

signature or any signed acknowledgment of, or by KFC. To reiterate and re-emphasize; there <u>is</u>

no Arbitration Agreement between the parties; therefore there is not an Arbitration Agreement

for the Courts to enforce upon Plaintiff.

It would strain the conscious mind to conclude that Plaintiff, who holds academic degrees

from Bishop College, in Dallas Texas and Howard University, in Washington, DC would purport

to sign any legal and binding agreement by initializing the letters H.E. in a space where he is

clearly directed to **sign his name;** Earnest Lee Hobley. Plaintiff has previously informed the

Court that this document does not bear his signature, that he never signed the initials "H.E." or

any other initials to any document purporting to be an Arbitration Agreement with KFC or any

other entity.

5. KFC's meanderings relative to what they claim is frivolous litigation are matters that

are not a part of the instant case and cannot be gratuitously enjoined at the whim of Defendant.

6. Lastly, Plaintiff acknowledges that he is not entirely cognizant of every legal aspect of

the law. However, Plaintiff is absolutely cognizant of the following common sense aspects of

this matter; to wit:

a. Reverend Earnest Lee Hobley did NOT steal, fraudulently

8

misappropriate, or illegally convert any of KFC's funds to his own use. KFC committed each of the above offenses against Reverend Earnest Lee Hobley - - **AFTER** he was no longer in their employ.

        b. Reverend Earnest Lee Hobley did NOT make any false accusation against any employee of KFC or the KFC corporation - - KFC committed each of the above offenses against Reverend Earnest Lee Hobley - - **AFTER** he was no longer in their employ.

        c. Reverend Earnest Lee Hobley did NOT cause any KFC employee to be arrested, publicly humiliated and embarrassed because of any false and/or malicious act. KFC committed each of the above offenses against Reverend Earnest Lee Hobley - - **AFTER** he was no longer in their employ.

        KFC's contention that Plaintiff must seek redress through the process of **employee** arbitration, even though he is not now nor was he then an employee of KFC when any of those crimes were committed against him, is preposterous, vexatious, frivolous and without legal justification. KFC however charges Plaintiff with being frivolous and vexatious because Plaintiff chooses to exercise his constitutional rights of equitable relief in a court of competent jurisdiction. I am not a lawyer, nor am I a photographer, but my common sense tells me that something is wrong with that picture.

        7. Defendant has not stated a claim for which relief can be given.

9

WHEREFORE, the premises considered, Plaintiff respectfully requests that:

1. Defendant's Motion To Enforce Arbitration Agreement and Dismiss Complaint, And To Sanction Plaintiff For Vexatious Litigation be dismissed with prejudice; and,

2. For such other and further relief as to this Honorable seems just and proper.

Respectfully submitted,

Reverend Earnest Lee Hobley
Plaintiff, pro se
413 Longfellow Street, N.W.
Washington, DC 20011
(301) 442-3780

## CERTIFICATE OF SERVICE

I hereby certify that on September 12 2005    a copy of the foregoing Plaintiff's Motion in Opposition to Defendant KFC's Motion To Enforce Arbitration And Dismiss Complaint, And To Sanction Plaintiff For Vexatious Litigation and this Certificate of Service was mailed first class postage prepaid to Eric J. Pelton at 280 North Old Woodward Avenue, Suite 400 Birmingham, Michigan 48009-5394.

Reverend Earnest Lee Hobley

## POINTS AND AUTHORITIES

1. 310 F. 2d 262, 267

2. 38 Cal. Rptr. L48, l57

3. 255 N.Y.S. 2d 608, 610.

4. 174 N.E. 2d 304, 308.

5. 473 P.2d 169, 170

6. 347 F 2d 379, 383.

7. 350 F. 2d 445, 449-50

8. The Record as a Whole